No. 1,811.

CHAS. G. HIDDEN, RESPONDENT, v. DANIEL M. JORDAN, APPELLANT.

TENDER OF PAYMENT.—A tender, as far as the computation of interest is concerned, must be considered as a payment.

APPEAL from the District Court of the Seventh District, Solano County.

The facts, out of which the controversy arose, are fully presented in the former reports of the case, which are to be found in 21 Cal. 92, 28 Cal. 301 and 32 Cal. 397.

*Thos. M. Swan,* for Appellant.

*Wm. S. Wells,* of Counsel.

*M. A. Wheaton,* for Respondent.

TEMPLE, J., delivered the opinion of the Court:

This is the fourth appeal which has been had in this case. On the first appeal the rights of the parties are fully considered, and the law of the case, with reference to the subject-matter of controversy, settled. A new trial was had, which developed no new fact that could affect the rights of the parties; but, upon the second appeal, the case was sent

back for a new accounting. · A similar order was made upon the third appeal. A new trial of the case has not been had since the second appeal, and there was, therefore, nothing at issue in the Court below except such questions as legitimately arise upon the accounting, which was to be had upon the judgment entered upon the new trial had after the first appeal, and in accordance with the intimations of this Court.

The evidence, therefore, offered by the plaintiff for the purpose of establishing a different relation of the parties to the subject-matter of the suit was inadmissible. But if it were otherwise, the evidence is insufficient to authorize us to relieve the plaintiff from the terms of the contract he has set up in his pleadings, and which he has been able to establish by judgment.

From such doubtful acts as plaintiff has attempted to show, and which he claims are inconsistent with the original contract, the Court will not infer any agreement different from the express agreement alleged and proven by the plaintiff, nor will it make the defendant a compulsory purchaser of lands he never contracted to buy, but which he holds simply as security for money advanced for the plaintiff, unless it be in accordance with the agreement under which he holds it.

The action seems to have been commenced upon the supposition that the rents and profits of the farm had more than paid the debt and interest. It being now ascertained that a large portion of the debt remains unpaid, the plaintiff will not be allowed to change his position and induce this Court to make a better bargain for him than he made himself.

The first error alleged to have been made in the accounting is the allowance to defendant of $378 for a fence, which is claimed to have been a partition fence between the premises in controversy and Russell, and that, therefore, defendant received, or ought to have received, one half the cost of the fence from Russell; the fence was built in 1859. There is some evidence which tends to prove that the lands had been previously cultivated with Russell's land in a common inclosure, but counsel have failed to point us to any evidence, and we have failed to find any which tends to show

that, at the time the fence was built, the adjoining-tract was inclosed at all, or that the adjoining proprietor ever used this fence at all.  It was shown that the fence was not upon the line, and that a strip suitable for a roadway was left outside.  It may have been necessary for the use of the farm that this roadway should be left.  The referee has, in effect, found that the fence was necessary for the protection of the crop, and that it was not a partition fence, and we do not think the evidence warrants our disturbing the finding.

The referee finds that plaintiff, on the third day of January, A. D. 1859, made a tender of $1,500 on account of interest money then due.  The referee says that from the day of that tender he charges no interest upon the interest which had then accrued.  But if we understand his computations correctly, the whole amount of interest which had then accrued was added to the interest and expense account, on the first of November following, when the annual balance was struck, and the rents and profits credited upon the interest and expense account.

The tender, therefore, did not avail to stop the interest on that amount for a longer period than from the third day of January until the first day of November of that year.  This was clearly erroneous.  The tender, so far as the computation of interest is concerned, must be considered as a payment.  If that amount had been paid on the third day of January, of course it could not be added to the amount due again on the first of November, and yet this is precisely what the referee did in striking the balance at that time.  If this tender was kept good, as, under the findings, we are bound to presume it was, it should, for all purposes of computing interest, continue to be considered a credit up to the time of entering the judgment.

The evidence is altogether too conflicting and unsatisfactory, as to the waste of the crop of 1859, to authorize the Court to set aside the finding of the referee on that ground.

It appears that some time during the pendency of this suit a receiver has been appointed to take charge of the premises in dispute, and receive the rents and profits, of which he now has a large sum on hand.  The plaintiff claims

that these funds ought to be paid to him, and not credited upon the amount found due the defendant. If the plaintiff intended to complete the purchase of the place, there could be no reason for asking that this money be paid to him, and the reason given for raising such a question is, that the amount found due for the farm is more than it is worth, and that Hidden could save something if the rents were paid over to him.

When the suit was commenced, Jordan was in possession under a contract, which was established substantially as set out in the complaint. Jordan's liability was found to be that of a mortgagee in possession. By that law he is entitled to have the rents and profits credited upon the amount due him. A receiver was put in possession, for some reason which does not appear, but it could not have been upon the ground that the plaintiff was entitled to the possession without first complying with his contract.

In this action the Court could not award the possession to plaintiff, except in fulfillment of the contract he has established. For the purpose of this action, therefore, the possession of the receiver must be considered the possession of the defendant, and the rents and profits must be credited upon the amounts due.

It does not appeal strongly to a Court of equity to ask that the security he has given be lessened, *because* it is already insufficient. If there is any hardship upon the plaintiff it is the hardship of his contract, and his neglect to pay what he has undertaken to pay; his case is not an exceptional one, in which parties have been ruined by agreeing to pay an exorbitant interest. Against such improvidence our law affords no protection, and, when the bond has once been signed, it gives no relief.

No question has been made in the briefs as to the propriety of the motion for a new trial, and upon that question we express no opinion. As the referee finds all the necessary facts, and the only error is one of computation, a new trial or accounting will not be required.

The order, therefore, is affirmed only to the extent of setting aside the judgment entered by the referee; and the

Court is directed to enter judgment upon the finding in accordance with this opinion. If necessary, a supplemental account can be taken from the date of the last account to the entry of judgment.